IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2791-E-BN |
| | § | |
| UKG INC., d/b/a ULTIMATE KRONOS | § | |
| GROUP, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER GRANTING MOTION TO COMPEL</u>

Defendant UKG Inc. d/b/a Ultimate Kronos Group ("UKG") timely served additional discovery on Plaintiff Patricia Thompson. *Compare* Dkt. No. 91 at 3, *with* Dkt. No. 97-1.

Thompson has so far refused to answer. *See* Dkt. No. 97-2 (email from Thompson to UKG's counsel: "Plaintiff previously served responses and production on April 10, 2026 pursuant to the Court's Order. Plaintiff's prior production pursuant to [that order] remains controlling as to materials already produced.").

Thompson's refusal to comply with her discovery obligations may be based on a mistaken belief that compliance is only required once the Court gets involved. *See* Dkt. No. 97-3 (subsequent email from Thompson to UKG's counsel: "Plaintiff has served responses and objections and does not intend to supplement, amend, revise, or otherwise alter those responses based upon Defendant's email. Neither party is entitled to unilaterally overrule the other party's objections through email correspondence. … If Defendant believes Plaintiff's responses or objections are

deficient, Defendant remains free to seek whatever relief it believes is appropriate from the Court. … The Court, not counsel, is the appropriate forum for resolving discovery disputes and evaluating the conduct and positions of both parties." (cleaned up)).

Thompson's failure to comply with discovery and disclosure requirements has been a running theme throughout this litigation, and the Court has previously expressed its frustration with Thompson's tactics. *See, e.g.*, Dkt. No. 91 at 3-4 ("[T]he Court need not enter another order to require that Thompson comply with two prior orders of the Court. … The Court has now explained [the legal standards for dismissing a lawsuit under Federal Rules of Civil Procedure 37 and 41(b)] twice. It will not do so a third time. If Thompson fails to follow the Court's prior orders and this order, as set out below, the undersigned will recommend that this lawsuit be dismissed under Rule 37 and/or Rule 41(b)."); *see also* Dkt. No. 57, ¶ 1 (titled "The Court's Expectations"). (To Thompson's credit, it does appear that she complied with the Court's May 25, 2026 order [Dkt. No. 91]. *See* Dkt. Nos. 94 & 95. But it should not have taken the Court's threatening to dismiss her lawsuit to achieve Thompson's compliance.)

The Court therefore GRANTS UKG's motion to compel [Dkt. No. 97] to the extent that it ORDERS that, as to the discovery requests that UKG served against Thompson on May 6, 2026 [Dkt. No. 97-1], Thompson must, by **Thursday, June 18, 2026**, (1) serve on UKG's counsel complete responses to all of the requests for production and produce all unproduced documents and electronically stored

- 3 -

information that are responsive to the requests and that are in Thompson's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, *see Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575-79 (N.D. Tex. 2018), and (2) serve on UKG's counsel complete answers to all interrogatories, in compliance with Federal Rule of Civil Procedure 33's requirements, *see Lopez*, 327 F.R.D. at 579-81.

Failure to comply with this order will result in a recommendation that this lawsuit be dismissed.

SO ORDERED.

DATED: June 11, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE